This was an action of detinue, brought by the plaintiffs for the recovery of two negroes, and damages for the detention of them. The declaration states the negroes to be the property of the plaintiffs, and to be detailed by the defendant, who has refused to deliver them, but converted them to his own use, to the damage of the plaintiff.
The defendant pleaded not guilty of the detention, as charged in the plaintiff's declaration; on which issue was joined. On the trial the jury found a verdict for the plaintiffs; whereupon the defendant applied to the Circuit Court to arrest the judgment on the verdict, on the ground that the damages are laid to the plaintiffs, when, as is alleged, it appears from the declaration, the cause of action accrued to the husband alone. The plaintiff then applied to the Court for leave to amend his declaration, by laying the injury to be to the husband alone; which the Court refused, but gave judgment for the defendant; from which judgment the plaintiffs prayed a writ of error, by which the cause is brought into this court.
On the part of the plaintiffs in error, it is contended, first, that the injury is correctly laid to the damage of husband and wife; and secondly, that, if the declaration is in this respect faulty, the Circuit Court erred in refusing to permit the amendment.
On the part of the defendant in error, it is insisted that the negroes being charged to have been lost from the possession of the husband and wife, and the possession of the wife being the possession of the husband, the action ought to have been in the name of the husband alone; and, secondly, that as the amendment was prayed at a subsequent term after the rendering of the verdict, the Circuit Court were not authorized to permit it.
Throughout the record, from the comencement, many inaccuracies are to be found. Neither the declaration, plea, nor verdict is considered strictly formal. But we are clearly of opinion that there was no such substantial defect as would authorize the Court, after a verdict on the merits of the cause, to refuse the plaintiff a judgment in pursuance of that verdict. Both the courts in England and in this *Page 170 
country have uniformly, for a long time past, strongly leaned against all attempts, after an investigation of a cause on its merits, to defeat the successful party by nice objections to the form of proceeding; and it has evidently been the object of the legislature, as far as possible, to aid the courts in their attempts to do substantial justice, although objections to the mode of proceeding might exist.
In this case, it is not perceived that the defendant could have been injured by a defect in the record. The declaration states the negroes to, be the property of the husband and wife, and charges that they are detained by the defendant; this is all that was necessary to have been stated to entitle them to their action. The defendant has denied the whole declaration; an investigation has been had, and each party has been permitted to contest the allegations of the other. The result has been a verdict for the plaintiffs, by which it is ascertained that they have supported by proof every material allegation in their declaration. At this stage of the proceedings, to turn the plaintiffs out of court would certainly be to decide against the real merits of the cause. We give no opinion on the question respecting the amendment, because we are satisfied that, if there are any defects in this record of which the defendant could at any time have availed himself, it was incumbent on him to have taken advantage of them at an earlier stage in the cause, and that his exceptions after verdict come too late. We are therefore of opinion that the judgment of the Circuit Court must be reversed, and that judgment must be given for the plaintiffs, in conformity with the verdict.